# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW MEXICO

**ELMO SILVA, JR.**,

        Petitioner,

vs.

                                          No. CIV 6:96-93 MV/LCS

**JOHN SHANKS, Warden**,

        Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### NOTICE

Within ten days after receiving these Proposed Findings and Recommended Disposition a party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to said Proposed Findings and Recommended Disposition. A party must file any objections within the time period allowed if that party desires review by the district court. In the absence of timely-filed objections, no review will be undertaken.

### PROPOSED FINDINGS

Petitioner Elmo Silva, Jr. ("Silva") filed this 2254 habeas petition on January 22, 1996. There, he raised multiple issues as bases for habeas relief, including allegations of ineffective assistance of trial counsel. (Pet. at 5-6). Respondent has conceded that Silva has exhausted all available remedies in the state courts. (Resp't's Answer at 1).

After a jury trial, Silva was convicted in state court of criminal sexual penetration in the second degree, false imprisonment, attempted murder in the second degree and robbery.

(Resp't's Answer, Ex. A).  After finding that Silva was a habitual offender, the trial court sentenced Silva to a lengthy term of imprisonment.  *Id*.

After appointing counsel for Silva, the Court entered a briefing schedule to address the merits of Silva's claims.  The final reply brief was filed on March 30, 1998.

In his brief-in-chief, Silva addresses only two of his multiple claims: (1) that the state failed to disclose evidence favorable to Silva and (2) ineffective assistance of trial counsel for counsel's failure to investigate and for failure to vigorously defend Silva.  (Pet'r's Mem. Br. at 28-33). Therefore, this Court assumes that Silva has abandoned all other claims.  *See Coleman v. B-G Maintenance Management of Colorado, Inc.*, 108 F.3d 1199, 1205 (10th Cir. 1997) ("issues not raised in opening brief are deemed abandoned or waived").  Accordingly, I will issue a recommendation only as to the two claims raised by Silva in his brief-in-chief.

### A.      Prosecution's Alleged Failure to Disclose Evidence Favorable to Silva

It is well settled that the state's suppression of evidence that is favorable to a criminal defendant violates due process if that evidence is material to guilt or to punishment.  *Hatch v. State of Oklahoma*, 58 F.3d 1447, 1469 (10th Cir. 1995), *cert. denied*, 116 S.Ct. 1881 (1996). Such a transgression is known as a *Brady* violation.  *See Brady v. Maryland*, 373 U.S. 83, 87 (1963).  The *Brady* rule encompasses the state's failure to disclose evidence that undermines the credibility of the state's witnesses.  *Hatch*, 58 F.3d at 1469.  In order to demonstrate a *Brady* violation, a petitioner must show that (1) the state suppressed evidence; (2) the suppressed evidence was favorable to the accused; and (3) the evidence was material.  *Id*.

In his brief-in-chief, Silva contends that the prosecution had information about Lisa Tenney, the victim and only eyewitness, that was withheld from Silva.  (Pet'r's Mem. Br. at 29).

This information included the possibility that Tenney's testimony was only secured after the state made a deal involving Tenney and her husband in some unrelated criminal proceeding. *Id*.

However, Silva submits that he is still investigating the basis of this claim. *Id*. He correctly notes that "[w]ithout a sufficient allegation of facts to establish this constitutional claim, petitioner acknowledges that he is not entitled to habeas relief or even an evidentiary hearing." *Id*. (citing *Hatch*, 58 F.3d at 1469). His conclusory allegations do not, at this point, come close to showing a constitutional violation under *Brady*. Specifically, he has not alleged any facts that would indicate that the state suppressed evidence. *See Hatch*, 58 F.3d at 1469-70. Therefore, in the absence of anything more than conclusory allegations, I find that Silva has failed to show a *Brady* violation. Consequently, I recommend that this contention be denied as the basis for habeas relief.

### B.     Ineffective Assistance of Counsel

In his second and final claim addressed in his brief-in-chief, Silva alleges ineffective assistance of trial counsel. (Pet'r's Mem. Br. at 30-33). Specifically, Silva takes issue with counsel's alleged failure to investigate and for counsel's alleged failure to vigorously defend his client. *Id*.

In order to prevail on a claim of ineffective assistance of counsel, a convicted defendant "must show that counsel's representation fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and that the deficient performance prejudiced the defendant. *Id*. at 687. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. In applying these precepts, a court

must be mindful that a petitioner must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance [that] 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).  A claim of ineffective assistance "must be reviewed from the perspective of counsel at the time," *Porter v. Singletary*, 14 F.3d 554, 558 (11th Cir.), *cert. denied*, 513 U.S. 1009 (1994), and thus may not be predicated on "the distorting effects of hindsight."  *Strickland*, 466 U.S. at 689.  Regarding any alleged failure to investigate, a "particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy deference to counsel's judgments." *Miles v. Dorsey*, 61 F.3d 1459, 1475 (10th Cir. 1995), *cert. denied*, 116 S.Ct. 743 (1996).

In his brief-in-chief, Silva alleges that his trial attorney failed to conduct any investigation into Tenney's credibility and her allegations against Silva.  (Pet'r's Mem. Br. at 32).  However, Silva fails to state any factual basis for this argument.  Instead, he does nothing more than provide mere conclusory allegations.  In his brief, Silva states that his "investigation continues regarding the evidence which trial counsel should have discovered" and that "Petitioner shall put the Respondent and this Court on notice of this evidence when [Silva's] investigation is complete." (Pet'r's Mem. Br. at 33).  These averments and statements fall far short of meeting either prong of the *Strickland* test for ineffective assistance of counsel.

## MAGISTRATE JUDGE'S RECOMMENDED DISPOSITION

For the reasons stated herein, I find no merit to the two claims addressed in Silva's brief-in-chief.  I also find that he has abandoned or waived all his claims which were not addressed in his opening brief.  *See Coleman v. B-G Maintenance Management of Colorado, Inc.*, 108 F.3d 1199, 1205 (10th Cir. 1997).  Consequently, I recommend that this petition be dismissed with

4

prejudice.

_____
Leslie C. Smith
United States Magistrate Judge